CHIEF JUSTICE GRAY,
concurring in part and dissenting in part.
¶26 I join in the Court’s opinion on issues one and two. I respectfully dissent from that opinion on issue three, however, wherein the Court reverses the District Court’s denial of the County’s motion for attorney fees.
¶27 The Court correctly cites to Hughes for the test to be applied by a trial court in determining whether to award attorney fees to a defendant prevailing on an asserted §1983 claim. Rephrased only slightly from the Court’s opinion, the test is that, upon a finding that the plaintiffs action was frivolous, unreasonable or without *397 foundation, a district court may award attorney fees to a prevailing defendant. In other words, first there must be an affirmative finding and, thereafter, the matter is within the court’s discretion.
¶28 In the present case, the District Court did not make the predicate “frivolous, unreasonable or without foundation” finding. Indeed, the District Court determined “[a]fter carefully considering the arguments at hearing on this matter that, while Shepherd’s view . . . [was] erroneous, it was advanced in a good faith argument.” Absent the predicate finding, the District Court could not exercise its discretion in favor of the County on the matter of attorney fees.
¶29 This Court concludes that Shepherd’s §1983 claim was groundless, meritless and vexatious, and that the District Court’s finding to the contrary was clearly erroneous. It does not say which prong of the clearly erroneous test it applies in reaching that conclusion.
¶30 In my view, this Court has merely substituted its judgment for that of the District Court, the court most intimately acquainted with the particulars of the case. It has done so even in the face of the District Court’s statement that it carefully considered the arguments before it.
¶31 It is not this Court’s job to decide whether we would have made a different finding than the District Court. It is our job to accord the finding actually made the deference it is due-and accept it-unless the finding meets one of the oft-stated and well established prongs of our clearly erroneous test for findings entered by Montana’s district courts.
¶32 Here, it is my view that the District Court’s finding does not meet any prong of the clearly erroneous test and, therefore, the finding is not clearly erroneous. I would affirm the District Court’s denial of the County’s motion for attorney fees, and I dissent from the Court’s failure to do so.